IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 22-142 |
| LAYE SEKOU CAMARA : <br>     a/k/a "K-1" <br>     a/k/a "Dragon Master" : | |

**ORDER**

AND NOW, this ____ day of _____, 2023, upon consideration of the Government's Unopposed Motion for a Speedy Trial Act Continuance of Trial Date, this Court finds as follows:

1. Because of the nature and current posture of the case, which has already been declared complex, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161 et seq, that is, by the current November 27, 2023 trial date.

2. This Court has determined that:

    a. On May 4, 2022, a federal grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging defendant Laye Sekou Camara, a/k/a "K-1," a/k/a "Dragon Master," with one count of use of an immigration document obtained by fraud, in violation of 18 U.S.C. § 1546(a). In essence, it is alleged by the government that the underlying fraud is the result of the defendant's misrepresentations in immigration documents about his status as a combatant in, and his conduct during, Liberia's second civil war.

    b. On May 16, 2022, this Court granted the government's unopposed motion to have this case declared complex, and for a Speedy Trial Act continuance. On May 17, 2022, this Court entered an order setting the trial date for May 8, 2023.

    c. On January 25, 2023, the federal grand jury returned a superseding

indictment adding two counts of use of a fraudulently obtained immigration document, in violation of 18 U.S.C. § 1546(a), and one count of possession of a fraudulently obtained immigration document, also in violation of 18 U.S.C. § 1546(a), to the initial indictment. On February 17, 2023, the defendant moved for a continuance of trial date. On February 27, 2023, this Court granted the defendant's motion and set the trial date for November 27, 2023.

      3.      The government has advised the Court that:

      a.      The indictment's factual underpinnings encompass, among other things, wartime events that took place in Liberia as far back as approximately 23 years ago. In that matters relating to events that transpired during a decades old civil war that took place on another continent are at issue in this case, this is a novel prosecution. The evidence that the government intends to introduce at trial includes, but is not limited to, testimony from a significant number of witnesses who reside in West Africa. Travel documents, including passports and visas, will have to be obtained for many of these witnesses to travel to Philadelphia for trial. Substantial logistical support will be required to facilitate their travel. This includes support from the United States Embassy in Monrovia, Liberia, commercial airlines, and perhaps, from the government of Liberia.   This support will take some time to coordinate and put into place. Additionally, the government anticipates it might seek to introduce evidence from European sources. It will be necessary to provide logistical support to obtain and present evidence from these witnesses. Also, the government anticipates introducing into evidence at trial both recent and ancient documents, as well as video recordings, some of which were generated by foreign sources. It will take time to gather and analyze these materials.

      The government is mindful of its continuing discovery obligations and continues to

produce discovery to the defendant in this case. The government anticipates that the defendant will require a relatively significant amount of time to review the government's evidence pretrial. Significantly, the government has to some degree determined, but is still in the process of determining, whether various agencies possess information that could be relevant and helpful to the defendant. Since information that might fall within this category exists, specialized litigation will necessarily ensue. Depending on the outcome of that specialized litigation, the defendant will have to review the information, and both parties will have to contemplate the use of this relevant and helpful information, and how, if any way, this relevant and helpful information will impact the litigation. Because of the nature of the allegations in the indictment, the novel issues in this case, and the status of disclosures, the government anticipates that both it and the defendant will have to painstakingly prepare for trial.

Since the charges are serious and the discovery already, and still being be produced, is relatively complicated, the defendant and his counsel will need time to read and digest the discovery. Additionally, all parties will need time beyond that initially specified by the Speedy Trial Act and the current trial date, to prepare for trial.

4.      Pursuant to this Court's October 3, 2023 order, counsel for the parties have met and conferred on an appropriate trial date. The parties have agreed that with the permission of the Court, trial should commence on a date convenient to the Court that is no earlier than September 2024.

5.      For the reasons stated herein, the ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act. The ends of justice served by this Order outweigh the best interest of the public and the defendant in a speedy trial.

6.      It is hereby ORDERED, pursuant to 18 U.S.C. § 3161(h)(7)(A), that this case is continued to a date to be determined by the Court that is no earlier than September 2024.

**BY THE COURT:**

**HONORABLE CHAD F. KENNEY**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 22-142** |
| **LAYE SEKOU CAMARA** | : | |
| a/k/a "K-1" | | |
| a/k/a "Dragon Master" | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR A SPEEDY TRIAL ACT
CONTINUANCE OF TRIAL DATE**

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Linwood C. Wright, Jr. and Kelly M. Harrell, Assistant United States Attorneys for the district, moves pursuant to 18 U.S.C. § 3161(h)(7)(A) for a continuance of the trial beyond the current November 27, 2023, trial date. In support of its motion, the government states as follows:

1. On May 4, 2022, a federal grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging defendant Laye Sekou Camara, a/k/a "K-1," a/k/a "Dragon Master," with one count of use of an immigration document obtained by fraud, in violation of 18 U.S.C. § 1546(a). In essence, it is alleged by the government that the underlying fraud is the result of the defendant's misrepresentations in immigration documents about his status as a combatant in, and his conduct during, Liberia's second civil war.

2. On May 16, 2022, this Court granted the government's unopposed motion to have this case declared complex, and for a Speedy Trial Act continuance. On May 17, 2022, this Court entered an order setting the trial date for May 8, 2023.

3. On January 25, 2023, the federal grand jury returned a superseding indictment adding two counts of use of a fraudulently obtained immigration document, in violation of 18

U.S.C. § 1546(a), and one count of possession of a fraudulently obtained immigration document, also in violation of 18 U.S.C. § 1546(a). On February 17, 2023, the defendant moved for a continuance of trial date. On February 27, 2023, this Court granted the defendant's motion and set the trial date for November 27, 2023.

   4.  The government advises the Court that:

     a.  The indictment's factual underpinnings encompass, among other things, wartime events that took place in Liberia as far back as approximately 23 years ago. In that matters relating to events that transpired during a decades old civil war that took place on another continent are at issue in this case, this is a novel prosecution. The evidence that the government intends to introduce at trial includes, but is not limited to, testimony from a significant number of witnesses who reside in West Africa. Travel documents, including passports and visas, will have to be obtained for many of these witnesses to travel to Philadelphia for trial. Substantial logistical support will be required to facilitate their travel. This includes support from the United States Embassy in Monrovia, Liberia, commercial airlines, and perhaps, from the government of Liberia.  This support will take some time to coordinate and put into place. Additionally, the government anticipates it might seek to introduce evidence from European sources. It will be necessary to provide logistical support to obtain and present evidence from these witnesses. Also, the government anticipates introducing into evidence at trial both recent and ancient documents, as well as video recordings, some of which were generated by foreign sources. It will take time to gather and analyze these materials.

  The government is mindful of its continuing discovery obligations and continues to produce discovery to the defendant in this case. The government anticipates that the defendant

will require a relatively significant amount of time to review the government's evidence pretrial. Significantly, the government has to some degree determined, but is still in the process of determining, whether various agencies possess information that could be relevant and helpful to the defendant. Since information that might fall within this category exists, specialized litigation will necessarily ensue. Depending on the outcome of that specialized litigation, the defendant will have to review the information, and both parties will have to contemplate the use of this relevant and helpful information, and how, if any way, this relevant and helpful information will impact the litigation. Because of the nature of the allegations in the indictment, the novel issues in this case, and the status of disclosures, the government anticipates that both it and the defendant will have to painstakingly prepare for trial.

Since the charges are serious and the discovery already and to be produced is relatively complicated, the defendant and his counsel will need time to read and digest the discovery. Additionally, all parties will need time beyond that initially specified by the Speedy Trial Act and the current trial date, to prepare for trial.

5. Pursuant to this Court's October 3, 2023 order, counsel for the parties have met and conferred on an appropriate trial date. The parties have agreed that with the permission of the Court, trial should commence on a date convenient to the Court no earlier than September 2024.

The government respectfully submits that under the circumstances of this case, having already been declared complex due to the nature of the prosecution and the nature of evidence, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act and by the current November 27, 2023

3

trial date. The government also submits that the ends of justice favor a continuance as the parties would otherwise be denied the reasonable time necessary for effective preparation.

Defendant's counsel has authorized government counsel to represent that they have no objection to the granting of this motion. Counsel for the parties have met and conferred, and agreed that with the permission of the Court, the trial date should be continued, and that trial should commence on a date convenient to the Court that is no earlier than September 2024.

WHEREFORE, the government respectfully requests that its unopposed motion for a continuance of trial date be granted, and that the trial date be continued to a date convenient to the Court that is no earlier than September 2024.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*/s/ Linwood C. Wright, Jr.*
LINWOOD C. WRIGHT, JR.
KELLY M. HARRELL
Assistant United States Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Government's Unopposed Motion for a Speedy Trial Act Continuance of Trial Date, was filed electronically on the Electronic Case Filing system, is available for viewing and downloading from the ECF system, and/or was served electronically on the following:

>PANTELLIS PALIVIDAS
>ELLIS LEGAL, LLC
>100 S. BROAD STREET SUITE 1910
>PHILADELPHIA, PA 19110
>ellis@ellis-legal.com
>
>RICHARD J. FUSCHINO , JR.
>LAW OFFICE OF RICHARD J. FUSCHINO
>1600 LOCUST ST
>PHILADELPHIA, PA 19103
>rjf@fuschinolaw.com

/s/*Linwood C. Wright, Jr.*
LINWOOD C. WRIGHT, JR.
Assistant United States Attorney

DATED: October 13, 2023