**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 22-142** |
| **LAYE SEKOU CAMARA** | : | |

**GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT**

The United States of America, by and through its counsel, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Linwood C. Wright, Jr., and Kelly Harrell, Assistant United States Attorneys for the district, and Chelsea Schinnour, Trial Attorney, United States Department of Justice, respectfully moves the Court to schedule a bifurcated *in camera* pretrial conference pursuant to the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA") and § 2 of the Securities Procedures established under Pub. L. 96-456, 94 Stat. 2025 by the Chief Justice of the United States.

**1. Applicability of CIPA in this Case**

In this case, defendant Laye Sekou Camara is charged with one count of use of an immigration document obtained by fraud, in violation of 18 U.S.C. § 1546(a). Because of the nature of information uncovered during the investigation of the defendant, and the impact that this information could have on the government's disclosure obligations, the United States anticipates that issues relating to classified information will arise. To that end, this case will implicate CIPA.

**2. Description of CIPA**

CIPA contains a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363 (11th Cir. 1994).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." CIA v. Sims, 471 U.S. 159, 175 (1985) (quoting Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) (per curiam)); accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." United States v. Lemonakis, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." United States v. Apperson, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006). However, CIPA neither creates any new rights of discovery nor expands the rules governing the admissibility of evidence. United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); accord United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not

create any discovery rights for the defendant."); United States v. Smith, 780 F.2d 1102, 1106 (4th Cir. 1985) (*en banc*). Rather, CIPA applies preexisting general discovery law to the classified-information arena, and it restricts the discovery of such classified information to protect the government's national security interests.[1] Baptista-Rodriguez, 17 F.3d at 1363-64; United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998); United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989). Put another way, CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996).

A more detailed summary of CIPA is set forth below:

**a. Section 1 - Definitions**

Section 1 of CIPA sets forth certain definitions used within the statute. First, for the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III § 1(a). "National security" means the national defense and foreign relations of the United States. Id. at § 1(b).

[1] CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990); accord United States v. McVeigh, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of Brady."). Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence. Baptista-Rodriguez, 17 F.3d at 1364.

Notably, CIPA applies equally to classified testimony and classified documents. See United States v. Lee, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing United States v. North, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); Kasi v. Angelone, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

**b. Section 2 - Pretrial Conference**

Section 2 of CIPA – the section the government invokes in this motion – authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. Following such motion, the Court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA[2]; and (3) the initiation of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA. Id. In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. Id. No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. See S. Rep. No. 96-823, at 5-6, reprinted in 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the

[2] The government is not aware of any classified information in the possession of the defense in this case. Thus, the government does not anticipate any invocation of CIPA Section 5.

defendant, unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C. App. III § 2.

In this case, the government proposes a bifurcated *in camera* Section 2 conference. In the first part of the conference, the government proposes that it provide details to the Court regarding the classified information implicated by this prosecution, in an *ex parte*, *in camera* classified conversation. In the second part of the conference, the government proposes that all counsel participate in an *in camera* conference to discuss the discovery and motion plan more generally.

**c. Section 3 - Protective Order**

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant. Id. at § 3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," Pappas, 94 F.3d at 801, as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.[3] In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, e.g. Brady and Jencks material." Id.

[3] Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

**d. Section 4 - Protection of Classified Information During Discovery**

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III § 4; see e.g. United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998); Yunis, 867 F. 2d at 619-625. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. See S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; see also United States v. Pringle, 751 F. 2d 419, 427 (1st Cir. 1985).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4.

In essence, Section 4 allows the United States to request that the court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is

discoverable. See United States v. Libby, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by United States v. Libby, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); also United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261-62 (9th Cir. 1998); Rezaq, 134 F.3d at 1142; Yunis, 867 F.2d at 619-25; Pringle, 751 F.2d at 427-28; Kasi, 200 F. Supp. 2d at 596 n.6.

For example, the government may request that the Court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard. Libby, 429 F. Supp. at 48. Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document. Id. at 47. If the court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any *ex parte, in camera* pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. III § 4; see also United States v. Aref, No. 04-CR-402, 2006 WL 1877142, at *2 (S.D.N.Y. July 6, 2006).

**e. Sections 5 and 6 - Procedure for Cases Involving Classified Information Possessed by the Defendant**

Sections 5 and 6 of CIPA apply when a criminal defendant who already possesses classified information seeks to disclose such information during the course of a trial or proceeding. See, e.g., Baptista-Rodriguez, 17 F.3d at 1363; Sarkissian, 841 F.2d at 965-66; Collins, 720 F.2d at 1199-1200. The government does not anticipate these Sections to be implicated in this case.[4]

[4] Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose. See 18 U.S.C. App. III § 5(a). Section 6 provides that, after the defendant files the requisite notice, the government may request a hearing at which the court will make "all determinations

**f. Section 7 - Interlocutory Appeal**

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. Id. at § 7. If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. Id. Such an appeal and decision do not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. Id. at § 7(b).

**g. Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding**

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. Id. at § 8. Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified. See S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the court to order admission into evidence of only a part of a document when fairness does not require the whole document to be considered. The purpose of

---

concerning the use, relevance or admissibility" of the proposed defense evidence. 18 U.S.C. App. III § 6(a). Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. III § 5(a).

this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information. Id. at 10-11, 1980 U.S.C.C.A.N. at 4304.

Lastly, Section 8(c) provides a framework to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. Id. at 11, 1980 U.S.C.C.A.N. at 4304. Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible. 18 U.S.C. App. III § 8(c). Following an objection, the court shall take suitable action to determine whether the response is admissible "as will safeguard against the compromise of any classified information." Id. In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information. S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

**h. Section 9 - Security Procedures**

Section 9 requires the Chief Justice of the United States, in consultation with executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. III § 9(a). Should the government file a Motion for a Protective Order Pursuant to Section 3 of CIPA, it will include a discussion of the security procedures established by former Chief Justice Burger pursuant to this provision. Further, the security procedures themselves are codified directly following Section 9 of

CIPA.

**i. Section 9A - Coordination Requirement**

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated. Id. at § 9A(a).

**j. Section 10- Identification of Information Related to National Defense**

Section 10 applies in espionage or criminal prosecutions in which the government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information. See S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305. As such, this section does not apply here.

**k. Sections 11-15 - Miscellaneous Provisions**

The remaining sections of CIPA contain various housekeeping provisions not relevant here.[5]

**3. Procedures Requested in This Case**

As described above, the government is proposing a bifurcated *in camera* Section 2

[5] Section 11 provides for amendments to Sections 1 through 10 of CIPA. Section 12 requires the Attorney General to issue guidelines regarding the exercise of prosecutorial discretion over cases in which classified information may be revealed and requires preparation of written findings when prosecution of such cases is declined. Section 13 requires the Attorney General periodically to report such declination decisions to Congress and, where necessary, to report on the operation and effectiveness of CIPA. Section 14 identifies the senior officials to whom the functions and duties of the Attorney General under CIPA may be delegated. Last, Section 15 provides the effective date of CIPA.

conference in this case. In the first part of the conference, the government proposes that it provide details to the Court regarding the classified information implicated by this prosecution, in an *ex parte, in camera* classified conversation. In the second part of the conference, the government proposes that all counsel participate in an *in camera* conference to discuss the discovery and motion plan more generally.

Prior to the conference, the government will endeavor to identify all possible classified material and determine its potential applicability, nature, and volume.[6] This will allow the government, at the Section 2 pretrial conference, to provide a strong estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Further, at the pretrial conference, the government intends to ask the Court, pursuant to Section 4 of CIPA, to authorize an *in camera, ex parte* submission regarding classified materials that the government believes should be subject to deletion, substitution, or disclosure pursuant to a protective order. Id. Courts have consistently held that such submissions are proper. See, e.g., United States v. Mejia, 448 F.3d 436, 455 (D.C. Cir. 2006); United States v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003).

---

[6] The Court already has designated this matter to be a complex case under 18 U.S.C. § 3161(h)(8)(B)(ii), and the Court has granted a continuance of the trial date beyond the time limits set by the Speedy Trial Act under 18 U.S.C. § 161(h)(8)(A). See ECF Nos. 15, 16, and 17.

**3. Conclusion**

For the foregoing reasons, the government respectfully requests that the Court hold a conference later in the Spring pursuant to Section 2 of CIPA, in order to establish a discovery and motion plan relating to classified information. A proposed form of Order is attached.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Linwood C. Wright, Jr.*
LINWOOD C. WRIGHT, JR.
KELLY HARRELL
Assistant United States Attorneys

CHELSEA SCHINNOUR
Department of Justice Trial Attorney
Human Rights and Special Prosecutions

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 22-142** |
| **LAYE SEKOU CAMARA** | : | |

**ORDER**

AND NOW, this ____ day of __________________ 2024, upon consideration of the Government's Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act, it is ORDERED AND DECREED that the government's motion is GRANTED.

IT IS FURTHER ORDERED AND DECREED that the Counsel shall appear in chambers for a bifurcated *in camera* pretrial conference pursuant to Section 2 of CIPA, 18 U.S.C. App. III § 2, as follows:

a. Counsel for the government only shall first appear on _____________________, at __________ a.m./p.m., for an *ex parte*, *in camera* classified conference with the court; and

b. All counsel shall then appear on ______________________, at __________ a.m./p.m., for an *in camera* conference to discuss the discovery and motion plan more generally.

SO ORDERED, this ___ day of _______________________, 2024.

BY THE COURT:

__________________________________________

HONORABLE CHAD F. KENNEY
*Judge, United States District Court*

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act was served by e-mail on the following defense counsel:

Richard J. Fuschino, Jr., Esq.
rjf@fuschinolaw.com

Pantellis Palividas, Esq.
Ellis@Ellis-Legal.co

*/s/ Kelly Harrell*
KELLY HARRELL
Assistant United States Attorney

Date: June 4, 2024